**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| David LaFleur,<br><br>         **Plaintiff**<br><br>V.<br><br><br><br>**Analytical Technologies Group, LLC,**<br>**Michael Kuchta, and Brandon Kuchta**<br><br>         **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.:**<br><br><br><br><br><br>October 14, 2020 |

## COMPLAINT

### I.    INTRODUCTION

1.    Employers must pay overtime to their workers unless their primary duties squarely fit into a recognized exemption. They must track all hours worked and pay one and a half times the regular rate of pay for all hours over forty in a week.

2.    Here, Defendants hired Plaintiff as a Field Service Engineer in August 2017. They assigned him so much work that he was routinely working well over 40 hours per week – some weeks over 80 hours. Nevertheless, Defendants paid Plaintiff a flat salary and never paid him overtime premiums for his overtime hours.

3.    As a result, Defendants retained tens of thousands of dollars in wages that should have been paid to Plaintiff. Defendant is liable to Plaintiff for all of his back wages earned as well as liquidated and penalty damages under state and federal law.

### II. JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

7. This Court has personal jurisdiction over Defendants pursuant to Connecticut's long-arm statute because they transact business in the State of Connecticut and have their principal place of business at 70 Bridge Street, Groton, Connecticut.

### III. THE PARTIES

12. Plaintiff David LaFleur is an individual residing in Windsor, Connecticut.

13. Defendant Analytical Technologies Group, LLC. (ATG) is a limited liability company organized and existing under the laws of the state of Delaware. Its principal place of business is located at 70 Bridge Street, Groton, Connecticut.

14. Defendant Michael Kuchta is a resident of New Haven, Connecticut and is the President and sole Member of Analytical Technologies Group, LLC.

15. Defendant Brandon Kuchta is the CEO and co-owner of Analytical Technologies Group, LLC.

16. Defendants are employers within the meaning of the FLSA and the Connecticut Wage Act.

### STATEMENT OF FACTS

17. Defendant ATG is a company that services and maintains analytical and bioprocess instrumentation with a focus on FPLC equipment and bioprocess skids in addition to single and multi-mode microplate readers and microplate washers.

https://www.atgservice.com/new-about.

18. Defendant ATG was formed in June 2017 by Defendant Michael Kuchta. Kuchta is the sole member and President of ATG. He possesses the ultimate authority and control within ATG to set the hours of employment and pay wages to the Field Service Engineers, including Plaintiff and is the cause of the legal violations alleged in this complaint.

19. Defendant Brandon Kuchta is CEO and co-owner of Analytical Technologies Group, LLC.

20. Defendants hired Plaintiff as a Field Service Engineer in August 2017 for a weekly salary of $90,000. In their hire letter to Plaintiff, they indicated that the salary was intended to compensate him for 37.5 hours of work per week.

21. Defendant assigned Plaintiff job duties which included traveling to the laboratories of their customers who had purchased Defendants' (put name of machines here). Plaintiff was responsible to service and repair these machines as needed.

22. Defendants' customers are spread out all over the United States and so Defendants required Plaintiff to travel frequently to perform his job. In 2019 alone, Defendant required Plaintiff to take approximately 249 flights.

23. Defendants required Plaintiff to have an application on his cell phone which tracked his whereabouts.

24. Defendants required Plaintiff to submit reports from this app so that it would know his whereabouts on his many work-related trips.

25. Defendants were aware, because of the work-load that they assigned to Plaintiff and because of this app, that Plaintiff was working well over 37.5 and even well over 40

hours per week.

26. Despite this knowledge, Defendants never paid Plaintiff overtime premiums for his hours over forty in a week. Instead, Defendants paid Plaintiff his flat salary which was only intended to compensate him for 37.5 hours per week.

27. As a result of Defendants' failure to pay Plaintiff his overtime wages, Defendants have retained tens of thousands of dollars in overtime wages that rightfully should have been paid to Plaintiff for his work.

## LEGAL CLAIMS

**COUNT ONE:   FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* AGAINST DEFENDANT ATG.**

28. Based on the foregoing, Defendants' conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week is a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

29. Defendant is liable to Plaintiff for compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT TWO:   FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* AGAINST DEFENDANT ATG.**

30. Based on the foregoing, Defendants' conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week violates the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

31. Accordingly, Defendant is liable to Plaintiff for compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT THREE:   FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* AGAINST DEFENDANT MICHAEL KUCHTA.**

32.   Based on the foregoing, Defendant's conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week is a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

33.   Defendant is liable to Plaintiff for compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT FOUR:   FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* AGAINST DEFENDANT MICHAEL KUCHTA.**

34.   Based on the foregoing, Defendant's conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week violates the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

35.   Accordingly, Defendant is liable to Plaintiff for compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT FIVE:   FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* AGAINST DEFENDANT BRANDON KUCHTA**

36.   Based on the foregoing, Defendant's conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week is a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

37.   Defendant is liable to Plaintiff for compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT SIX:      FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. section 31-58, *et seq.* AGAINST DEFENDANT BRANDON KUCHTA.**

38. Based on the foregoing, Defendant's conduct in not paying overtime to Plaintiff for hours worked beyond 40 per week violates the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

39. Accordingly, Defendant is liable to Plaintiff for compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**DEMAND FOR RELIEF**

Plaintiff's claim:

a. An award of unpaid overtime wages, and liquidated damages, under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

b. An award of unpaid overtime wages, and penalty wages, under the Connecticut Wage Act, C.G.S. § 31-68;

c. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the Connecticut Wage Act,

d. Interest and costs;

e. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

Plaintiff, David LeFleur

By: */s/ Richard E. Hayber*
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502 Hartford,
CT 06106
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com